IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EIGHTH CIRCUIT DISTRICT OF MINNESOTA

RECEIVED
2018 NOV 26 AM 11: 13
U.S. BANKRUPTCY COURT
DULUTH, MN

IN RE:   KURT NELS MONSON AND JENNIFER LYNN MONSON
         CHAPTER 7 PROCEEDING
                                    CASE NO. 18-50554

DONALD MATROS, PETITIONER

VS.                          ADVERSARY NO. _____

KURT NELS MONSON AND JENNIFER LYNN MONSON,   DEBTORS

## COMPLAINT TO DENY DISCHARGABILITY OF DEBT

COMES NOW DONALD MATROS, a Creditor in the above-styled Chapter 7 bankruptcy proceeding, appearing herein, and files this Complaint to Deny Dischargability of Debt and would show unto the Court the following:

1.

This Court has jurisdiction pursuant to the provisions of 28 U.S.C. Section 157(a) and (b)(2)(i) and Section 1334 (b) and 11 U.S.C. Section 523.

Petitioner, Donald Matros, Alleges Debtors OBTAINED PROPERTY UNDER FALSE PRETENSES, 11 U.S.C. §523 a(2)(4);

FED.R,Bankr.P.4007c.

2.

DONALD MATROS, 19001 225th Avenue, Pierz, MN 56364, managed a farming operation with its principal place of business 19001 225th Avenue, Pierz, MN 56364.

1

3.

DONALD MATROS is an adult resident citizen of the SEVENTH Judicial District of MORRISON County, MINNESOTA who may be served with process at 19001 225th Avenue, Pierz, MN 56475.

Debtors: KURT NELS MONSON AND JENNIFER LYNN MONSON adult resident citizens of the SEVENTH Judicial District of MORRISON County, MINNESOTA who may be served with process at 20712 Bison Road, Randall, Minnesota 56475.

4.

On or about February 2, 2017, Petitioner and Debtors entered into an Agreement (hereinafter "Agreement") regarding the purchase of eight (8) calf hutches for One Hundred Fifty ($150) Dollars each. Debtors agreed to pay for the hutches by September 1, 2017. The Debtors did not pay. The Debtors then agreed to pay for the hutches by December, 2017. In December, 2017, they did not pay, but agreed to pay in February, 2018. The Debtors also purchased hay and straw in October, 2017. When they purchased the hay and straw, the Petitioner requested a reply in writing that they would pay. The Debtors did not respond. The Petitioner would not have extended credit to the Debtors if he had known the true facts instead of the fabrication portrayed by the Debtors.

5.

The Debtors stated that they had a Thirty Thousand Dollar ($30,000) feed bill and gave the impression that was their only

bill of concern. The Debtors obtained the property under false pretenses because they did not intend to pay for the hutches or hay.

6.

The total sum currently due is now One Thousand Eight Hundred Forty-Six and no/100th Dollars ($1,846.00) including court fees for docketing of judgment and interest. The Petitioner cashed the check for Thirty-Five Dollars ($35), however, the bank returned the check and added a Four Dollar ($4) fee. A complete listing of the money due and owing from the Debtors to the Petitioner is listed on Exhibit A.

7.

Because of the failure and refusal of Debtors to pay the amount due, Petitioner has been forced to hire to file suit against Debtors in Conciliation Court to recover the amount due. Petitioner was awarded the sum of One Thousand Seven Hundred Ninety-Nine and no/100ths Dollars ($1,799.00) by Order of Judge Leonard A. Weiler, in Conciliation Court File No. 49-CO-18-53. In that action, the Petitioner is entitled to recover from Debtors the unpaid principal amount, plus costs of court filing.

8.

At all times relevant hereto, Debtors stood in a trust relationship with Petitioner with the obligation to pay monies owed to Petitioner. Debtors were not truthful with Petitioner because he had the items they wanted. However, the Debtors never

3

intended to pay the Petitioner for the calf hutches or the hay and straw.

9.

Petitioner would show that Debtor has violated the provisions of 28 U.S.C. Section (2)(A) in that Debtor received services and the extension of credit under false pretenses and fraud.

10.

Petitioner would show that Debtors is guilty of fraud and obtaining property under false pretenses in that Debtor converted the calf hutches and hay and straw to their own use although the same was rightfully the property of Petitioner in violation of 11 U.S.C. § 523(a)(4).

11.

Debtor should be denied a discharge for the Debt to Petitioner based upon the allegations of the paragraphs above so as to allow Petitioner to collect same.

12.

Petitioner should also be awarded judgment from Debtors in the amount of all costs and reasonable attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Honorable Court will find this Complaint to Deny Dischargability of Debt to be well taken and will deny the discharge of the debt as to Movant and further award Petitioner judgment against Debtors in the amount of reasonable attorneys' fee and all costs.

DATED, this the 20 day of November, 2018.

                        Respectfully submitted,

By: /s/ Donald Matros
    DONALD MATROS, Petitioner

CERTIFICATE OF SERVICE

I, DONALD MATROS, the Petitioner, do hereby certify that I have this date mailed by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to:

KURT NELS MONSON
JENNIFER LYNN MONSON
20712 Bison Road
Randall, MN 56475

DATED, this the __20__ day of November, 2018.

*[signature]*
DONALD MATROS

# EXHIBIT A

KURT NELS MONSON AND JENNIFER LYNN MONSON

| Date | Description | Amount |
|---|---|---|
| 10/11/17 | 13 big bales of alfalfa at $60 per bale | $ 780.00 |
| 10/11/17 | 3 big square bales of straw at $35 per bale | $ 105.00 |
| | | $ 885.00 |
| 10/11/17 | paid on account | $ 100.00 |
| | | $ 785.00 |
| | One bale was moldy | $  60.00 |
| | | $ 725.00 |
| 10/29/17 | One big square bale alfalfa | $  60.00 |
| | | $ 785.00 |
| | Tear up one check for straw bale | $  35.00 |
| | | $ 820.00 |
| | Cash $35 dollar check | $  35.00 |
| | | $ 785.00 |
| 11/20/17 | Bank returned $35 check plus $4 charge fee | $  39.00 |
| | | $ 824.00 |
| | Due on calf hutches (past due) | $ 900.00 |
| | | $1,724.00 |
| 6/7/18 | Docketing of Judgment | $  42.00 |
| | | $1,766.00 |
| 7/6/18 | Interest | $  20.00 |
| 8/7/18 | Interest | $  20.00 |
| | | $1,806.00 |
| | Conciliation Court Filing Fee | $  75.00 |
| | | $1,881.00 |
| | Cashed $35 check after it had been a returned | $  35.00 |
| Total: | | $1,846.00 |