```
UNITED STATES BANKRUPTCY COURT
   DISTRICT OF MINNESOTA
```

In re:

Kurt Nels Monson and Jennifer            BKY 18-50554
Lynn Monson,

      Debtors.
--------------------------------

Donald Matros,                                   ADV 18-5030

      Plaintiff,

v.                                          **<u>AMENDED ORDER FOR TRIAL</u>**

Kurt Nels Monson and Jennifer
Lynn Monson,

      Defendants.

---

      IT IS ORDERED:

    1. This proceeding is set for trial in Courtroom No. 2, 4th Floor, United States Courthouse, 515 West First Street, Duluth, Minnesota, on March 18, 2019, at **10:00 a.m.**

    2. On or before March 4, 2019, all parties shall confer and enter into stipulations as to the following:

        a) Waiver of objections to the admissibility of exhibits on the grounds of lack of identification or foundation where the identification or foundation is not to be contested;

        b) Waiver of objections to the admissibility of depositions proposed to be offered in evidence, if any.

        c) Facts which are not disputed. This stipulation shall be reduced to writing in a form which can be adopted by the court as Findings of Fact.

At this conference, counsel shall provide copies of each exhibit for inspection by opposing counsel and for waiver or noting of objection.

    3. No later than seven (7) days prior to trial, the parties shall prepare, serve and file the following:

a) The stipulations regarding admissibility of exhibits and depositions;

b) The stipulation of facts which are not disputed;

c) A final witness list containing the names, addresses and brief summary of the testimony of each witness the party will call. A person not listed on this list may not testify during the party's case-in-chief;

d) A final exhibit list containing a description of all exhibits to be offered at trial. Exhibits not listed on this list may not be offered during the party's case-in-chief. Each exhibit shall be marked and the list shall identify the exhibits by their letters or numbers.

   The plaintiff shall identify the plaintiff's exhibits with numbers as follows:

       Plaintiff's Exhibit 1
       Plaintiff's Exhibit 2
           etc.

   The defendant shall identify the defendant's exhibits with letters as follows:

       Defendant's Exhibit A
       Defendant's Exhibit B
           etc.

   If there is more than one plaintiff or defendant, then the parties shall confer so as to avoid duplication of exhibit identification;

e) A list of depositions to be offered at trial;

      f)    A trial memorandum containing a complete chronology of the party's version of the facts and a complete statement of the law on which the party relies.

      g)    Proposed Findings of Fact and Conclusions of Law.

4.    Private Information. To avoid the inadvertent disclosure of private data and other sensitive information, counsel and parties unrepresented by counsel shall refrain from eliciting or mentioning during trial or including in motions, exhibits or any other submissions required by this order any of the following restricted information, except in the manner noted:

1. Social Security numbers: use only the last four digits;
2. Financial account numbers: use only the last four digits;
3. Names of minor children: use only initials;
4. Dates of birth: use only year of birth; and
5. Home addresses of witnesses; use only city and state of residence.

If restricted information is mentioned in court, counsel or parties may ask to have it stricken from the record or partially redacted to conform to the judiciary's privacy policy.

5.    Immediately prior to trial, two copies of all exhibits shall be provided to the court recorder operator for the use of the court.

6.    Failure to comply with this order may result in the imposition of sanctions under Bankruptcy Rule 7016 and Fed. R. Civ. P. 16(f).

7.    Fed. R. Civ. P. 26(a)(1), (a)(2), (a)(3) and (f) do not apply in this proceeding.


Dated: <u>February 13, 2019</u>

                                              /e/ Robert J. Kressel

                                              ROBERT J. KRESSEL
                                              UNITED STATES BANKRUPTCY JUDGE